# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY BEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-318-SSV-SS** |
| **LEXINGTON INSURANCE COMPANY** | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Lexington Insurance Company ("Lexington"), for sanctions, including a recommendation that the complaint of the plaintiff, Bobby R. Beal ("Beal"), be dismissed with prejudice. For the reasons described below, it is recommended that Beal's complaint be dismissed with prejudice.

## BACKGROUND

Near the second anniversary of Hurricane Katrina, Harry E. Cantrelle, Jr. filed a petition in state court on behalf of five plaintiffs, including Beal, for damages caused by the storm to five different properties. It was alleged that Beal owned a property at 4830 N. Rampart Street. Rec. doc. 1(Attachment). The petition was removed to federal court and this action was severed. On January 11, 2008, Mr. Cantrelle filed an amended complaint on behalf of Beal. On April 24, 2008, a scheduling order was entered with the trial set for April 13, 2009. Although Mr. Cantrelle did not participate in the scheduling conference, the Court noted that jurisdiction was established. Rec. doc. 8. Lexington filed an answer with numerous defenses. Rec. doc. 10.

On August 18, 2008, Lexington served written discovery on Beal and it also sought an inspection of the property and Beal's deposition. Rec. doc. 11 (Exhibit A). Beal did not respond.

On September 29, 2008, Lexington filed a motion to compel responses to the written discovery and sought sanctions. Rec. doc. 11. Mr. Cantrelle submitted a memorandum in which he reported that he had worked in good faith to secure discovery responses from his client but had difficulty in communicating with him as a result of Hurricane Katrina. He reported that he "should have the requests completed within (15) days." Rec. doc. 13. On October 15, 2008, Beal was ordered to respond to the discovery, schedule an inspection of the property, and schedule his deposition. Beal was notified that if he did not comply with the order, he would be assessed with Lexington's costs for filing a further motion. Rec. doc. 14. The order stated:

> **Mr. Cantrelle and Mr. Beal are cautioned that the continued failure of Beal to respond to discovery may lead to a recommendation that his action be dismissed with prejudice for failure to prosecute**.

Rec. doc. 14 at 2 (emphasis in original). The request for sanctions was denied.

On November 7, 2008, Lexington filed a motion for sanctions and requested a recommendation of dismissal. It reported that Beal did not comply with the October 15, 2008 order in any respect. Rec. doc. 15. Beal did not submit any opposition to the motion. While Lexington's request for a recommendation of dismissal was premature, Beal was ordered to: (1) pay Lexington $500.00 as the reasonable fees and costs incurred by it in filing the motion for sanctions; and (2) fully comply with the October 15, 2008 discovery order. The December 3, 2008 discovery order stated:

> **If Beal fails to comply with this order, <u>it will be</u> recommended that this action be dismissed with prejudice for failure to prosecute and for violation of the Court's orders**.

Rec. doc. 17 at 2 (emphasis in original).

On November 7, 2008, Beal served written responses to Lexington's interrogatories and

request for production of documents. Rec. doc. 20 (Attachment). The responses were served by mail, and therefore Lexington did not receive them until it filed its motion for sanctions on November 7, 2008. The interrogatories were not answered under oath as required by Fed. R. Civ. P. 33(b)(3). For five interrogatories, Beal's only response was to state that he would supplement the responses in fifteen days. Beal did not fully respond to interrogatory no. 21 which sought a detailed list of the contents that he claimed were destroyed and were covered by the Lexington policy. His answer was "furniture, appliances and clothing. All totaled at $40,000.00." Rec. doc. 20 (Attachment). There are similar deficiencies with other responses to the interrogatories. The only documentation supplied was an estimate by Copeland & Company for repairs to the property. Although Beal reported that he received $100,000 from his flood insurer, the Copeland documents do not distinguish between repairs for flood damage and repairs for wind damage. Beal responds to each category of the request for production of documents by stating that he will supplement the response in fifteen days. Rec. doc. 20 (Attachment). There is no evidence that Beal: (1) provided any further information; (2) scheduled the inspection of the property or his deposition; or (3) paid Lexington the sanction of $500.00.

On December 5, 20008, Beal filed a motion to remand. He states that discovery determined that the amount in controversy did not exceed $75,000. Rec. doc. 18. Mr. Cantrelle signed a stipulation that the damages sought by Beal do not exceed $75,000.00, including all penalties and attorney's fees but exclusive of interest and costs. Rec. doc. 18 (Attachment). The stipulation was not signed by Beal. Lexington filed an opposition to the motion to remand. Rec. doc. 19. It is pending before the District Judge.

On December 16, 2008, Lexington filed the motion for sanctions with the request for

dismissal for failure to comply with the discovery orders. Beal filed an opposition which repeats his arguments in support of the remand of the case. It does not respond to his failure to comply with the October 15, 2008 and December 3, 2008 discovery orders. Rec. doc. 22.

## ANALYSIS

In <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744 (5th Cir. 1987), the Fifth Circuit said:

> Though the facts of each case largely determine the appropriateness of dismissal, our precedents enunciate several general principles. First, dismissal with prejudice is normally appropriate only if "its deterrent value cannot be substantially achieved by use of less drastic sanctions." Second, if the refusal to comply results from honest confusion or sincere misunderstanding of the order, the inability to comply, or the nonfrivolous assertion of a constitutional privilege, dismissal is almost always an abuse of discretion. Third, in general the court may resort to dismissal only if there is a clear record of delay or contumacious conduct by the plaintiff. Fourth, when the blame for disregard of the court's order lies with the attorney, not the client, dismissal is usually too severe a sanction. Finally, if the other party's preparation for trial has not been "substantially prejudiced," dismissal may well be inappropriate.

<u>Id</u>. at 749 (citations, brackets and quotation marks omitted). In <u>Raymond, et al v. University of Houston</u>, 275 Fed. Appx. 448, 2008 WL 1881567 (5th Cir. 2008), the Fifth Circuit stated that:

> Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. In other words, Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. We review a district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) for an abuse of discretion. We have recognized, however, that a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice.

<u>Id</u>. at 449 (citations and quotation marks omitted). It quoted the following from <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188 (5th Cir. 1992),

> We will affirm dismissals with prejudice for failure to prosecute only when (1) there

is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

Id. at 1190.  For dismissals with prejudice, it noted a need for at least one of three aggravating factors.  (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.  275 Fed. Appx. at 449.

The scheduling order requires that discovery be completed by March 3, 2009.  The deadline for reports of Beal's experts is January 5, 2009.  The deadline for reports of Lexington's experts is February 2, 2009.  Rec. doc. 8.  The failure of Beal to fully respond to Lexington's discovery, appear for a deposition or make the property available for inspection make it impossible for Lexington to comply with its deadline for expert reports.  There is actual prejudice to Lexington's ability to defend itself.

The imposition of lesser sanctions has proved futile.  In response to the first motion to compel and for sanctions, Beal sought fifteen days to respond to the discovery.  Rec. doc. 13.  He was ordered to respond to the discovery within three weeks, and the request for sanctions was denied.  He was cautioned that the failure to comply with the order would result in monetary sanctions.  Rec. doc. 14.  Beal did not fully comply with this order.  A second motion for sanctions was filed.  Beal was assessed costs of $500.  The imposition of this sanction and a warning that continued failure to comply with the discovery orders would result in a recommendation of dismissal did not have any effect.

The evidence is not clear whether the delay was caused by Beal or his counsel.  At least two of three aggravating factors noted in Raymond v. University of Houston are present.  Beal's motion to remand is not before the undersigned.  Until the issue of jurisdiction is resolved by the District

Judge, Beal must comply with the requirements of the Court's scheduling and discovery orders. It will be recommended that Beal's action be dismissed with prejudice for failure to prosecute and to comply with the discovery orders.

## RECOMMENDATION

IT IS RECOMMENDED that Lexington's motion for sanctions (Rec. doc. 20) be GRANTED and that, pursuant to Fed. R. Civ. P. 41(b), Beal's complaint be dismissed with prejudice for failure to prosecute and to comply with the discovery orders.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of January, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**