UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY BEAL                                    CIVIL ACTION

VERSUS                                        NO: 08-318

LEXINGTON INSURANCE COMPANY                   SECTION: R


**<u>ORDER AND REASONS</u>**

Before the Court is plaintiff Bobby Beal's Motion to Set Aside Order of Dismissal. R. Doc. 49. For the following reasons, the Court DENIES the motion.

The background of this case is set out in detail in the Court's March 18, 2009 Order and Reasons. R. Doc. 46. In that order, the Court dismissed plaintiff's complaint for failure to prosecute and for failure to comply with the Court's orders. *See id.* at 14-18. Plaintiff has now moved the Court to vacate the judgment and to re-set the case for trial. R. Doc. 49. Because the motion was filed within ten days of the entry of judgment, the Court will treat it as a motion to alter or amend the

judgment under FED. R. CIV. P. 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Rule 59(e) authorizes a district court to alter, amend, or vacate a previously entered judgment.  *See* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2810.1 (2d ed. 1995). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although a district court has "considerable discretion in deciding whether to reopen a case under Rule 59(e)," its discretion is not without limit.  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet,* 367 F.3d at 478-79.

In this case, plaintiff has presented no compelling argument why the extraordinary remedy provided in Rule 59(e) should be granted.  He states in his motion: "counsel for the plaintiff did comply with the Orders of the Court, but compliance was late." R. Doc. 49-2 at 2.  There is no evidence in the record or

2

attached to plaintiff's new motion that such compliance occurred, however. As noted by the magistrate judge and in the Court's March 18, 2009, Order and Reasons, half of the discovery responses provided by plaintiff on November 7, 2008, were not completed under oath, and the other half were not responsive to the defendant's interrogatories at all. *See* R. Doc. 46 at 4. Defendant avers that plaintiff never supplemented the discovery responses as required in the magistrate judge's order, R. Doc. 50 at 4-5, and the plaintiff has presented no evidence to bring that claim into question.

The remainder of plaintiff's argument amounts to a plea that relief should be granted because plaintiff's noncompliance with the Court's orders was the result of excusable neglect on the part of his counsel. This is an argument that could have, and should have, been presented before this Court when the magistrate judge's report and recommendation was under consideration. At that time, however, the plaintiff's only argument against dismissal was a frivolous claim that the Court lacked subject matter jurisdiction. As noted above, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet,* 367 F.3d at 478-79. Because plaintiff's current arguments clearly could have been presented before the entry of judgment, and because the plaintiff has given the Court

no other reason why relief should be granted, the Court concludes that he is not entitled to relief under Rule 59(e).

Accordingly,

Plaintiff's motion is DENIED.

New Orleans, Louisiana, this 24th day of April, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE